UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN THE MATTER OF:
Brett Allen Elam

CASE NO.: 23-18102-MAM
Chapter 13

_____ Debtor/

### A.R.C. FINANCIAL GROUP INC'S MOTION TO DISMISS CASE WITH PREJUDICE FOR BAD FAITH PURSUANT TO 11 U.S.C. § 1307(c)

ARC Financial Group, Inc. (hereinafter referred to as "ARC"), by and through undersigned counsel, hereby moves the Court to grant its Motion to Dismiss Case with Prejudice for Bad Faith Pursuant to 11 U.S.C. § 1307(c) and in support of its Motion states:

### Background

1. On May 17, 2017, Debtor entered into a lease agreement is for real property located at: 313 Wildemere Road, West Palm Beach, FL 33401, (the "Subject Property").
2. A.R.C. Financial Group, Inc. ("ARC") was the management agent of the Subject Property.
3. The Lease Agreement was for a term of one (1) year beginning June 1, 2017, and maturing May 31, 2018. The parties entered into several lease extensions.
4. Debtor defaulted on the rent due on March 1, 2020, resulting in a Notice of Termination of Rental Agreement being posted to the Debtor on May 1, 2020.

### A Brief Overview of the Eviction Proceeding

5. On May 27, 2020, ARC commenced eviction proceedings in Palm Beach County Court.
6. On January 21, 2022, the court entered a Writ of Possession.
7. A hearing on ARC's Motion for Contempt and Sanctions was scheduled for October 4, 2023.
8. On October 3, 2023, the Debtor filed a Suggestion of Bankruptcy in the underlying proceeding. An outline of the history of the state court litigation is attached hereto as Exhibit "A".

### The Bankruptcy Filings

9. On February 2, 2022, Brett Allen Elam filed a Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 22-10871-MAM. The filing of that case stayed a Writ of Possession.

10. On April 22, 2022, the Court entered an Order which effectively held that the automatic stay was no longer in effect,[1] and the case was subsequently dismissed on June 6, 2022.

11. On April 27, 2022, Lauren Bass Elam filed a Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 22-13243-EPK. The filing of that case stayed a Writ of Possession.

12. On October 4, 2023, (the "Petition Date"), Brett Allen Elam ("Elam" or the "Debtor") filed a Voluntary Petition for relief under Chapter 13 of the United State Bankruptcy Code. The filing stayed a Motion for Contempt and Sanctions, for failing to respond to court ordered discovery, filed by ARC.

### The Debtor's Schedules

13. On October 30, 2023, the Debtor filed among other things, his Schedules Consisting of A, B, C, D, E, F, G, I & J, his Statement of Financial Affairs; and his Chapter 13 Statement of Current Monthly Income.[2]

14. On his Schedule I, the Debtor, under penalty of perjury, listed $3,001.00 in net wages and $1,750.00 in family support for a total net income of $4,521.49.

15. On his Schedule J, the Debtor listed $4,470.00 in household expenses. The Debtor states that his monthly net income, after deducting household expenses, is $51.49.

16. Inexplicably, the Debtor's bank statements present a different financial narrative than the Debtor's Schedules. Below is a summary of a ten-month pre and post-petition snapshot of the Debtor's bank statements deposits and withdrawals:

| Month | Deposits | Withdrawal |
|---|---|---|
| April 2023 | $7,551.37 | $6,357.95 |
| May 2023 | $13,487.79 | $14,452.81 |

---

[1] *In re Brett Allen Elam*, Case No. 22-10871-MAM, ECF No. 57.
[2] ECF No. 20 and 23.

| June 2023 | $15,112.42 | $14.562.94 |
| --- | --- | --- |
| July 2023 | $18,210.10 | $15,495.26 |
| August 2023 | $15,581.94 | $17,765.95 |
| September 2023 | $14,040.03 | $13,626.79 |
| October 2023 | $15,567.81 | $15,938.39 |
| November 2023 | $14,271.68 | $14,721.35 |
| December 2023 | $12,406.86 | $12,475.23 |
| January 2024 | $13,939.70 | $14,476.63 |

17. In direct conflict with his sworn Schedules and Current Monthly Income, a review of the Debtor's bank statements reveals self-employed income which the Debtor failed to disclose.

18. The Debtor received a total of $35,115.00 in deposits in the six-month period prior to filing this case, and which is not disclosed in his Schedules. Below is a list underreported and/or undisclosed income of the Debtor:

| Date | Source of Deposit | Deposit amount |
| --- | --- | --- |
| April 6, 2023 | Paul Bergman LLC | $1,450.00 |
| April 10, 2023 | Bdsi | $750.00 |
| May 4, 2023 | Bdsi | $1,250.00 |
| May 8, 2023 | Bdsi | $1,250.00 |
| May 19, 2023 | Paul Bergman LLC | $200.00 |
| June 1, 2023 | Bdsi | $520.00 |
| June 2, 2023 | Paul Bergman LLC | $212.50 |
| June 8, 2023 | Bdsi | $750.00 |
| June 9, 2023 | Bdsi | $500.00 |
| June 14, 2023 | Jeffery Siskind | $2,462.50 |

| June 16, 2023 | Bdsi | $1,250.00 |
| --- | --- | --- |
| June 23, 2023 | Bdsi | $200.00 |
| July 7, 2023 | Mobile deposit | $5,000.00 |
| July 14, 2023 | ATM check deposit | $5,000.00 |
| August 11, 2024 | In branch deposit | $7,650.00 |
| August 21, 2024 | Bdsi | $500.00 |
| September 11, 2024 | Bdsi | $3,650.00 |
| September 15, 2024 | Cash deposit | $2,520.00 |

## The Chapter 13 Plan

19. On March 11, 2024, the Debtor filed a third amended chapter 13 Plan providing for sixty monthly payments of $50.00 towards his unsecured creditors. The Debtor's Plan fails to account for the undisclosed income to the detriment of his unsecured creditors, indicating that the Debtor acting in bad faith by intentionally misrepresenting his income

## LEGAL ARGUMENT

## The Debtor Has Not Filed the Plan or the Bankruptcy in Good Faith

20. ARC moves to dismiss Elam's Chapter 13 bankruptcy on the grounds that, among other things, the bankruptcy filing, and the Plan have not been proposed in good faith as required under 11 U.S.C. Section 1325 and the Plan is not confirmable based upon Elam's failure to disclose all of his income combined with his failure to propose a Plan which accounts for all of his disposable income.

21. Section 1325(a)(3) requires a plan to be proposed in good faith. Section 1325(7) requires that the Debtor's act of filing a bankruptcy petition was made in good faith.

22. Section 1307(c) permits a party in interest to move to dismiss a debtor's bankruptcy for cause. "In the context of section 1307(c), the burden of showing the debtor's lack of good faith is borne by the party seeking dismissal. " *In re Alt*, 305 F.3d 413, 420 (6th Cir. 2002).

23. "Section 1307(c) sets forth a litany of situations which form the basis for dismissing or converting a Chapter 13 case. While good faith is not specifically denominated therin, it is implicit to the concept." *In re Graffy*, 216, B.R. 888, 891 (Bankr. M.D. Fla. 1998).

24. The determination of whether a Debtor filed a chapter 13 petition in good faith includes analysis of the following factors:

    > The nature of debt, including the question of whether the debt would be nondischargeable in Chapter 7; the timing of the petition; how the debt arose and the debtor's motive in filing the bankruptcy petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor had been forthcoming with the bankruptcy court and creditors.

    In re Graffy, 216, B.R. 888, 891 (Bankr. M.D. Fla. 1998).

25. Pursuant to 11 U.S.C. Section 1307(c), this Court may dismiss a chapter 13 case for "cause" after notice and a hearing, if it is in the best interest of creditors. A debtor's bad faith in filing constitutes such cause. See In re Tovar, No. 04-17383-BKC-AJC, 2005 WL 2451684 (Bankr. S.D. Fla. Apr. 19, 2005); In re Farber, 355 B.R. 362 (Bkrtcy. S.D. Fla. 2006); See also In re Piazza, 719 F.3d 1253, 1263 (11th Cir. 2013) for a thorough discussion of bad faith constituting cause under 11 U.S.C. § 1307(c). In considering whether a debtor filed a petition in good faith, courts apply a totality of the circumstances test. See In re Kitchens, 702 F.2d 885, 888 (11th Cir. 1983). Accord In Re Leavitt, 171 F.3d 1219, 1224 (9th Cir.1999) ("Bad faith, as cause for the dismissal of a Chapter 13 petition with prejudice, involves the application of the 'totality of the circumstances' test.").

26. The facts of each bankruptcy case must be individually examined in light of various criteria to determine whether a chapter 13 plan has been proposed in "good faith," as required for confirmation. *White v. Waage*, 440 B.R. 563 (M.D. Fla. 2010).

27. Here, the Debtor has failed to meet the standards of good faith by omitting self-employed income from his Schedules and then depriving his creditors by excluding his undisclosed income from his proposed Plan.

28. Furthermore, a history of the Chapter 13 cases filed demonstrates that the Debtors have filed their cases to stay ARC from pursuing its state court remedies including, its eviction of the Elams and subsequent contempt hearing for failing to complete court ordered discovery. The Debtor filed for bankruptcy on the eve of a hearing on a Motion for Contempt and Sanctions filed by ARC. The Debtor's previous case was filed to stay a Writ of Possession, and the co-debtor similarly filed a case while the Debtor's first Chapter 13 case was open as an end run around of this Court terminating the automatic stay.

**The Chapter 13 Plan Does Not Provide for All of Debtor's Income.**

29. The Debtor does not use all of his disposable income. Section 1325(b) mandates that "debtors pay either 100 percent of the unsecured claims against the estate or use all of their disposable income to fund the plan." In re Humphrey, 165 B.R. 508, 510 (Bankr. MD.D. Fla. 1994). In relevant part, the statute states:

    (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-

    (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

    (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors.

30. In the six-month period prior to the filing of this case, there is an estimated $35,115.00 in deposits into the Debtor's bank account which are unaccounted for on his Schedules, and which the Debtor testified that the source of some of those deposits were from self-employment income. Accordingly, the Plan fails to meet the confirmation standards of Section 1325(b)(1)(B) disposable income test, the Section 1325(a)(4)'s best interest of the creditors test, and the omitted income certainly fails to meet the good faith requirement under the Bankruptcy Code.

## CONCLUSION

31. The Debtor has ignored the requirements of a Chapter 13 Plan and appears to have filed his Petition in bad faith in hopes of stalling post-judgment remedies of ARC, rather than having any actual intent to reorganize. Accordingly, ARC requests that the Court grant its Motion to Dismiss Case with Prejudice.

**WHEREFORE**, ARC FINANCIAL GROUP INC., respectfully requests this Honorable Court enter an Order (1) denying confirmation of the Plan; (2) dismissing the case as a "bad faith" filing with prejudice for five years; (3) prohibiting any future filings from Lauren Elam to act as a co-debtor stay against Brett Allen Elam; and (4) and for such other and further relief as the Court deems just and proper.

Submitted by:
/s/ Rachamin Cohen
Rachamin "Rocky" Cohen, Esq.
Attorney for ARC
Florida Bar No. 96305
Cohen Legal Services, PA
1801 NE 123rd Street
Suite 314
North Miami, FL 33181
Telephone: 305-570-2326
Email: rocky@lawcls.com

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was furnished via U.S. Mail and CM/ECF to the parties listed below this 5th day of June, 2024.

**Office of the US Trustee**        USTPRegion21.MM.ECF@usdoj.gov
**Robin Weiner Trustee**            ecf@ch13weiner.com; ecf2@ch13weiner.com

**VIA U.S. MAIL**
Jeffery M Siskind
3465 Santa Barbara Drive
Wilmington, FL 33414

                                  Submitted by:
                                  /s/ Rachamin Cohen
                                  Rachamin "Rocky" Cohen, Esq.
                                  Attorney for ARC
                                  Florida Bar No. 96305
                                  Cohen Legal Services, PA
                                  1801 NE 123rd Street
                                  Suite 314
                                  North Miami, FL 33181
                                  Telephone: 305-570-2326
                                  Email: rocky@lawcls.com